UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------x
JONEL ALMAZON,

**COMPLAINT**

Plaintiff,

-against-

NASSAU COUNTY, JOSEPH BEIRNE, TRACEY STEMMLE,
ERIC DIER, LEE, JAMES HACKETT, KATHLEEN RICE,
DOINA ALMAZON, and JOHN DOES 1 – 5,
each defendant in their professional and individual capacities,

Defendants.
-----------------------------------------------------------------------------------x

INTRODUCTION

1. Jonel Almazon ("Plaintiff") of New York, by his attorney Richard J. Reisch, Esq., hereby asserts the following claims against the defendants in the above-entitled action:

(1) Violations of 42 U.S.C. 1983- Arrest

(2) Violations of 42 U.S.C. 1983- Excessive Force

(3) Violations of 42 U.S.C. 1983- Failure to Provide Medical Attention

(4) Violations of 42 U.S.C. 1983- Malicious Prosecution/Abuse of Process

(5) Violations of 42 U.S.C. 1983- Detention and Confinement

(6) Violations of 42 U.S.C. 1983- Refusing or Neglecting to Prevent

(7) Violations of 42 U.S.C. 1983- Conspiracy

## JURISDICTION

2. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

3. Jurisdiction of this court for any pendent claims is authorized by F.R.C.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## PARTIES

4. Plaintiff Jonel Almazon is a natural person residing at 400 Locust Lane, Roslyn Heights, NY and was a resident of New York State during all relevant times of this action.

5. Defendant Doina Almazon is a natural person residing at 27 Grape Lane, Hicksville, NY and was a resident of New York State during all relevant times of this action and was married to Plaintiff, although separated and engaged in matrimonial difficulties that were being litigated in Nassau County Family Court.

6. Defendant Deputy Sheriff Joseph Beirne, shield #51, is a natural person.

7. Defendant Deputy Sheriff Tracey Stemmle, is a natural person.

8. Defendant Deputy Sheriff Eric Dier is a natural person.

9. Defendant Deputy Sheriff Lee is a natural person.

10. Defendants John Doe 1 – 5 (“John Doe Officers”) bear identification numbers 482, 483, 484, 486, 457 as identified by the Summons, Petition, and Temporary Order of Protection numbered 11000646 as provided by Nassau County. (Defendants identified in paragraphs 6 – 10 and 15 are collectively referred to herein as “Officers.”)

11. Defendant Nassau County, is a Municipal Corporation, organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented

through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Deputy Sheriff Beirne , Deputy Sheriff Stemmle, Deputy Sheriff Lee, Deputy Sheriff Dier, Defendant Lieutenant James Hackett, John Doe Officers, and houses under its auspices the Nassau County District Attorney's Office, the Nassau County Police Department, and the Nassau County Sheriff's Department at all times relevant to this Complaint.

12. Nassau County Sheriff's Department is an agency of Defendant Nassau County and is located at 1200 Old Country Road, Westbury, NY 11590.

13. Nassau County District Attorney's Office ("Nassau County DA") is an agency of Defendant Nassau County and is located at 260 Old Country Road, Mineola, NY 11550.

14. Nassau County Police Department is an agency of Defendant Nassau County and is located at 1490 Franklin Ave, Mineola, N.Y. 11501.

15. Defendant Lieutenant James Hackett is a natural person.

16. Defendant Kathleen M. Rice is a natural person and is the elected District Attorney for Nassau County.

17. Plaintiff sues all public employees in their official and personal capacities.

18. At all times material to this Complaint, Defendants Beirne, Stemmle, Lee, Dier, Hackett, and John Doe Officers acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, County of Nassau, and the Nassau County Police Department, and/or the Nassau County Sheriff's Department.

19. At all times material to this Complaint, Defendant Kathleen Rice acted toward Plaintiff under color of the color of the statutes, ordinances, customs, and usage of the State of New York, County of Nassau, and the Nassau County District Attorney's Office.

## FACTUAL BACKGROUND

20. At all relevant times herein, Plaintiff and Defendant Doina Almazon were married, although separated and were engaged in matrimonial difficulties that were being litigated in Nassau County Family Court.

21. In or around January and/or February 2011, Defendant Doina Almazon made false statements to law enforcement officials in order to obtain a Temporary Order of Protection against Plaintiff.

22. On or about February 7, 2011, a Temporary Order of Protection was issued against Plaintiff.

23. The Temporary Order of Protection (Order #2011-000755) was to have the effect of preventing Plaintiff from possessing firearms, among other restrictions.

24. Officers, approximately seven officers in total, arrived at Plaintiff's home (400 Locust Lane, Roslyn Heights, NY 11577) on or about February 14, 2011 with the Temporary Order of Protection to be served.

25. Prior to serving Plaintiff with the Temporary Order of Protection, Defendants Officers arrested Plaintiff for an alleged violation of the Temporary Order of Protection, asserting that Plaintiff was in possession of firearms in violation of the Temporary Order of Protection.

26. However, Plaintiff was arrested and subsequently detained for an alleged violation of the Temporary Order of Protection prior to being served with the Temporary Order of Protection for having firearms on the property that belonged not to him, but to his adult son.

AS AND FOR A FIRST CAUSE OF ACTION: VIOLATIONS OF 42 U.S.C. 1983- ARREST

27. Plaintiff repeats and realleges and incorporates by reference the allegations in all of the above paragraphs with the same force and effect as if herein set forth.

28. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

29. Acting under the color of law, Defendants caused a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law:

(a) by depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will,

(b) by making an unreasonable search and seizure of his property without due process of law, by, including but not limited to, placing Plaintiff under arrest for an alleged violation of an Temporary Order of Protection prior to serving Plaintiff with the Temporary Order of Protection,

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws, and

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, Sixth, Fourteenth, and/or Sixteenth Amendments to the Constitution of the United States.

30. As a result of Defendants' unlawful violation of Plaintiff's constitutional rights, Plaintiff was caused to lose his employment as a Project Manager specializing in forensic analysis and collection due to Plaintiff's arrest record, and went from earning over $110,000 per year to having to rely on unemployment benefits.

31. Plaintiff can no longer be gainfully employed in the field of forensic analysis and collection due to the stringent requirements that employers in the field hold.

32. As a result of their concerted unlawful and malicious arrest by Defendants Beirne, Stemmle, Dier, and Lee, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth, Sixth, Fourteenth, and/or Sixteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

AS AND FOR A SECOND CAUSE OF ACTION:
VIOLATIONS 42 U.S.C. 1983- EXCESSIVE FORCE

33. Plaintiff repeats and realleges and incorporates by reference the allegations in all of the above paragraphs with the same force and effect as if herein set forth.

34. During the Officers' arrest and subsequent detention of Plaintiff, Plaintiff was cooperative and did not resist arrest, nor did Plaintiff did not attempt to evade arrest or detention.

35. Officers, in effecting their arrest and subsequent detention of Plaintiff, used a level of force that was unreasonable and excessive, causing bruises and other physical injury to Plaintiff.

36. Officers, in effecting their arrest and subsequent detention of Plaintiff, violated Plaintiff's Fourth Amendment right against unreasonable arrest and detention.

AS AND FOR A THIRD CAUSE OF ACTION:
VIOLATIONS 42 U.S.C. 1983- FAILURE TO PROVIDE MEDICAL ATTENTION

37. Plaintiff repeats and realleges and incorporates by reference the allegations in all of the above paragraphs with the same force and effect as if herein set forth.

38. At all relevant times herein, Plaintiff suffered from serious health issues, including high blood pressure and a disease of his adrenal glands.

39. At all relevant times herein, Plaintiff was under the care and supervision of a doctor who prescribed him several medications to treat his serious health issues.

40. Plaintiff alerted Officers to his medical condition and to the fact that Plaintiff required those medications to avoid serious injury to his health.

41. Officers arrested and detained Plaintiff and refused him his medication despite several pleas from Plaintiff.

42. One officer told Plaintiff that “when you pass out on the floor, that’s when I’ll take you to the hospital.”

43. Defendants’ aforesaid conduct was intentional and malicious.

44. While detained in a holding cell, as a result of having his medication withheld, Plaintiff lost consciousness and was then sent to the hospital for emergency medical care.

45. Plaintiff incurred medical expenses and extreme pain and suffering as a result of Defendants’ decision to withhold his medication and medical treatment.

46. Defendants’ aforesaid conduct violated Plaintiff’s rights under the United States Constitution, including the Eighth, Fourth, Fifth, Sixth, Fourteenth, and Sixteenth Amendments thereto.

## AS AND FOR A FOURTH CAUSE OF ACTION:
## VIOLATIONS 42 U.S.C. 1983- MALICIOUS PROSECUTION/ABUSE OF PROCESS

47. Plaintiff repeats and realleges and incorporates by reference the allegations in all of the above paragraphs with the same force and effect as if herein set forth.

48. Defendants Nassau District Attorney's Office, Nassau County, Rice, Stemmle, Dier, Lee, Beirne, Hackett, John Doe Officers and/or other members of the District Attorney's office and/or other officers instituted criminal process against Plaintiff with malice and each played active roles in the initiation and prosecution of criminal proceedings against Plaintiff.

49. The charges against Plaintiff were not based upon probable cause.

50. The charges against Plaintiff were brought with malice.

51. Defendants Hackett and Beirne falsely alleged on or about February 15, 2011 in Nassau County District Court that Plaintiff gave a false name to avoid service of the Temporary Order of Protection, using this allegation as a false pretense to wrongfully prosecute Plaintiff.

52. Defendants Rice, Nassau County District Attorney's Office, and Nassau County were aware that such allegations were false and/or should have been aware that such allegations were false through their duty to prosecute with diligence.

53. Defendants, through the Nassau County District Attorney's Office, continually offered to reduce the charges throughout the prosecution process, ultimately dropping the charges when Plaintiff refused to take a plea deal for a crime that he did not commit.

54. Each Defendant knew and/or should have known through diligence that the allegations that formed the criminal complaint against Plaintiff were false, and breached that duty.

55. Each Defendant knew and/or should have known through diligence that it was improper and a violation of Plaintiff's constitutional rights to place him under arrest and to pursue criminal prosecution against Plaintiff based on an Temporary Order of Protection that was yet to be served on Plaintiff.

56. The facts as alleged herein constitute malicious prosecution depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, Sixth, Fourteenth, and/or Sixteenth Amendments to the Constitution of the United States.

AS AND FOR A FIFTH CAUSE OF ACTION
VIOLATIONS 42 U.S.C. 1983- DETENTION AND CONFINEMENT

57. Plaintiff repeats and realleges and incorporates by reference the allegations in all of the above paragraphs with the same force and effect as if herein set forth.

58. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

AS AND FOR A SIXTH CAUSE OF ACTION
VIOLATIONS 42 U.S.C. 1983- REFUSING OR NEGLECTING TO PREVENT

59. Plaintiff repeats and realleges and incorporates by reference the allegations in all of the above paragraphs with the same force and effect as if herein set forth.

60. Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

61. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

62. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

63. As a direct and proximate cause of the negligent and intentional acts of the above-named Defendants as set forth above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Sixth, Fourteenth, and/or Sixteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## VIOLATIONS OF 42 U.S.C. 1983- CONSPIRACY

64. Plaintiff repeats and realleges and incorporates by reference the allegations in all of the above paragraphs with the same force and effect as if herein set forth.

65. A conspiracy existed between the above-named Defendants to violate Plaintiff's constitutional and federal rights.

66. Defendant Doina Almazon made false accusations to the relevant authorities regarding Plaintiff in order to obtain a protective order.

67. Defendants Beirne, Stemmle, Dier, Lee, Rice, Hackett, John Doe Officers, Nassau County Sheriff's Office, Nassau County Police Department, Nassau County District Attorney's Office, and Nassau County were aware of Defendant Doina Almazon's false statements.

68. Despite such awareness, Defendants Beirne, Stemmle, Dier, Lee, Rice, Hackett, John Doe Officers, Nassau County Sheriff's Office, Nassau County Police Department, Nassau County District Attorney's Office, and Nassau County nonetheless wrongfully arrested, detained, and prosecuted Plaintiff in violation of his constitutional and federal rights.

69. Defendant Doina Almazon, through making false accusations is subject to liability under 42 U.S.C. 1983 by conspiring with or engaging in joint activity with the state-actor Defendants.

70. The number of officers sent was deliberately excessive, based in part on Defendant Doina Almazon's false information provided to authorities.

71. The number of officers sent was deliberately excessive, based in part on Defendants' intent to deprive Plaintiff of his federal and constitutional rights.

72. Defendants' conduct constituted a conspiracy by which each Defendant agreed to play a role in the wrongful arrest, detention, and prosecution of Plaintiff in violation of his federal and constitutional rights.

73. As a result of their concerted unlawful and malicious conspiracy of Defendants Beirne, Stemmle, Dier, Lee, Rice, Hackett, John Doe Officers, Nassau County Sheriff's Office, Nassau County Police Department, Nassau County District Attorney's Office, and Nassau County, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth, Sixth, Fourteenth, and/or Sixteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. sec. 1983 and 1985.

WHEREFORE, Plaintiff demands judgment for against all the above-named Defendants for each of the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, and SEVENTH causes of action, jointly and severally, for actual, general, special, and compensatory damages in the amount of $10,000,000 and further demands judgment against each of said Defendants, jointly and severally,

for punitive damages in the amount of $20,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Dated: Carle Place, New York
October 12, 2012

RICHARD J. REISCH
Attorney for Plaintiff
One Old Country Road - Suite PL09
Carle Place, NY 11514
(516) 742-4949
(516) 742-1977 (fax)